IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RIZVANA ZAMEERUDDIN,

                Plaintiff,

  v.

UNIVERSITY OF WISCONSIN-PARKSIDE, BOARD
OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, ROBERT DUCOFFE,
SCOTT MENKE, and JAMES KINCHEN,

                Defendants.

OPINION and ORDER

24-cv-654-jdp

---

Plaintiff Rizvana Zameeruddin asks the court to review the denial of her application for promotion from associate to full professor at the University of Wisconsin—Parkside. Zameeruddin alleges that the decision was erroneous and therefore violates her rights under the Due Process Clause of the Fourteenth Amendment. She asserts claims against the University, the Board of Regents of the University of Wisconsin System, and three individuals who played a role in the promotion decision.

Defendants move to dismiss Zameeruddin's second amended complaint. Dkt. 31. Zameeruddin does not allege that the denial of her promotion decision was discriminatory, which would suggest a violation of federal employment law. She alleges only that the decision was wrong. The federal courts do not have general supervisory authority over the wisdom of personnel decisions of public universities. To put it in terms of the Fourteenth Amendment, Zameeruddin does not, and cannot, plausibly allege that she has a protected property interest in her promotion to full professor. The court will dismiss the case.

BACKGROUND

The following allegations are taken from the complaint and are accepted as true for the purpose of defendants' motion to dismiss. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Excerpts of the University of Wisconsin—Parkside faculty handbook and the letter that Zameeruddin received with a final decision on her application were provided by defendants in support of their motion to dismiss. *See* Dkt. 13. The court may consider these documents without converting defendants' motion into a motion for summary judgment because Zameeruddin refers to them in her complaint and they are central to her claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

Zameeruddin began working as an assistant professor in the business department at the University of Wisconsin—Parkside in 2003. In June 2009, Zameeruddin received tenure and was promoted to associate professor.

During the 2022–23 academic year, Zameeruddin initiated the process to be considered for the rank of full professor. Zameeruddin needed the recommendation of her department, after which the recommendation and her dossier would be sent to a university-wide Full Professor Subcommittee of the Personnel Review Committee. The UW—Parkside handbook provides that candidates for full professor must meet the following three criteria:

> (1) Has taught successfully, and has continued to perform at a high level in teaching or, in the case of an administrative appointment, has demonstrated an ongoing commitment to effective teaching/learning;
>
> (2) Has continued to achieve recognition in her/his specialization by publication of creative and/or scholarly works or by performance in ways appropriate to her/his profession if such performances generally are considered equivalent to publication;
>
> (3) Has continued to serve the university community by participating in its academic and governance affairs and/or has

2

> served the community AND/OR PROFESSION by bringing her/his professional expertise to bear on its needs.

Dkt. 13-1, at 11–12. In addition to meeting the performance expectations in teaching, research, and service, the candidate "must have achieved distinction in one or more" of the areas. *Id.*, at 12.

The business department faculty unanimously recommended Zameeruddin. The recommendation letter specified that "teaching was [Zameeruddin's] area of strength" and that she "exceeded our departmental standards in teaching." Dkt. 15, ¶ 25. The letter also specified that she met the business department's research requirements. *Id.*, ¶¶ 26–27.

In March 2023, the chairperson of the Full Professor Subcommittee, defendant James Kinchen, informed Zameeruddin that the subcommittee had voted against recommending her for promotion. Zameeruddin alleges that this decision was based on inaccurate conclusions that she had the lowest teaching merit score in the business department for the 2018–19 school year and that she did not meet the business department's research requirements.

Zameeruddin requested reconsideration of this decision pursuant to the UW—Parkside handbook. In support of Zameeruddin's request for reconsideration, the chairperson of the business department wrote a letter explaining that the subcommittee's analysis of her 2018–19 teaching merit score "misinterpreted the data of the teaching merit scores" from that year and that the subcommittee "misunderstood the department's standards for scholarly production." *Id.*, ¶¶ 42–45. The business department chairperson explained that Zameeruddin had satisfied the department's standards for research.

Additional back-and-forth followed. In late April, a few days after receiving that additional letter of support, the subcommittee again voted not to recommend Zameeruddin for promotion. After that, the dean of the business school sent a letter recommending

3

Zameeruddin for promotion. In May, Robert Ducoffe, UW—Parkside's Provost and Vice Chancellor, sent a letter to UW—Parkside's then-chancellor, stating that he did not recommend Zameeruddin's promotion. In June, the chancellor (who was about to leave the post) informed Zameeruddin that the chancellor would not be advancing her to the Board of Regents for consideration for promotion.

Zameeruddin appealed that decision to defendant Scott Menke, the Interim Chancellor. In July 2023, after receiving further submissions from Zameeruddin and the chairperson of the business department, Menke affirmed the decision not to advance Zameeruddin's application for promotion to the Board of Regents.

This suit followed.

ANALYSIS

Defendants move to dismiss under Rule 12(b)(6), contending that the complaint fails to state a claim that defendants violated Zameeruddin's rights under the Fourteenth Amendment Due Process Clause. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient facts to state a claim for relief that is plausible on its face." *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1]

To plead a due process claim, a plaintiff must allege two things: (1) a deprivation of a protected liberty or property interest; and (2) the deprivation occurred without due process.

---

[1] Defendants also make good arguments that they are entitled to sovereign immunity under the Eleventh Amendment or qualified immunity. But the court doesn't need to reach the immunity questions because Zameeruddin fails to state a plausible due process claim.

*See Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 870 (7th Cir. 2009). The decisive issue here is the first of these two elements, whether Zameeruddin was deprived of a property interest. "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). For example, an employee with tenure whose employment agreement specifies that she can be removed only "for cause" has a property interest in her continued employment. *Colburn v. Trs. of Ind. Univ.*, 973 F.2d 581, 589 (7th Cir. 1992).

Zameeruddin alleges that she "had a property interest in fair consideration for the rank of Professor as part of her role as Associate Professor" as well as "a property interest in her promotion to a full professor because she met the criteria set forth for promotion" in the "clear and binding policies" set out in the faculty handbook. Dkt. 1, ¶¶ 18, 80–82.

Zameeruddin's claim is foreclosed by *Colburn v. Trustees of Indiana University*, in which the court held that "[a] property interest is not established by general statements in handbooks, appointment documents or elsewhere that an employee will be judged based on some 'criteria.'" *Colburn*, 973 F.2d at 589. In that case, the plaintiffs were assistant professors who had applied for promotion. *Id.* at 584. They contended that they had a property interest in continued employment based on provisions of the university's handbooks and their own employment contracts that set out the criteria to be met and procedures for an employee to be reappointed, promoted, or given tenure. *Id.* at 589. The Seventh Circuit rejected this contention, reasoning that the criteria in the handbook did not limit the University's decision-making such that the plaintiffs could not be denied employment if specific conditions were met. The court reasoned that the criteria in question, "teaching, research, creative work and service," were "inherently

5

subjective leaving a wide range of discretion in evaluating a faculty member's record." *Id.* at 590.

The criteria in the UW-Parkside handbook are discretionary just like those in *Colburn*. The criteria each include qualitative standards, including having "taught successfully," performing "at a high level in teaching," achieving recognition in her specialization, and achieving "distinction" in teaching, research, or service. Dkt. 13-1, at 12. These criteria are inherently subjective and give the university broad discretion in evaluating an application for promotion to full professor. Zameeruddin did not have a property interest in promotion merely because the business department recommended her; the final decision is made at higher levels in the university's administration.

Zameeruddin contends that she had a property interest in "fair consideration" of her application. She contends that she was denied fair consideration because the subcommittee relied on incorrect business department standards when it first evaluated her teaching merit score and scholarly productions. Zameeruddin does not identify any specific objective rule or requirement that defendants failed to follow or consider. But even if she had identified a policy that the defendants failed to consider as part of the promotion procedure, "it is well established that such procedural protections under state law do not provide the substantive restrictions on the employer's discretion that would be needed to establish a federally protected property interest in continued employment." *Redd v. Nolan*, 663 F.3d 287, 298 (7th Cir. 2011).

Zameeruddin alleges that she asked for and was given reconsideration pursuant to the UW—Parkside handbook procedures. During the reconsideration process, Zameeruddin, the chairperson of the business department, and the dean of the College of Business provided additional information to the subcommittee. Dkt. 25, ¶¶ 41–45, 63–65. Zameeruddin's own

6

allegations show that defendants followed the procedures for appeal of an initial negative decision, and that they had all available information regarding Zameeruddin's performance under the teaching and research standards. Zameeruddin's allegations boil down to her disagreement with the ultimate decision of whether she met the discretionary criteria for promotion.

Zameeruddin fails to allege that she had a property interest in promotion, so the court will dismiss her complaint. Zameeruddin has now twice amended her complaint in response to defendants' motions to dismiss based on Zameeruddin's failure to allege a legally cognizable property interest. Further amendment would be futile, so the dismissal will be with prejudice. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 31, is GRANTED.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered August 13, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge